

FILED

OCT 14 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 2:09cr140

**TIKI KUMBO BROWN,**

    **Defendant.**

## OPINION AND ORDER

On October 13, 2009, the court conducted a hearing to address defendant's motion to suppress evidence seized from, and statements made by, defendant in connection with a traffic stop of his vehicle by Chesapeake Police Officer Barrett Ring in the early morning hours of April 17, 2009. Defendant argued that suppression was warranted because the traffic stop of defendant's vehicle was not supported by a reasonable suspicion or probable cause, but was instead pretextual, and therefore violated defendant's rights under the Fourth Amendment to the United States Constitution. The government argued that the traffic stop was justified by defendant's failure to signal when turning out of a parking lot onto a road and when changing lanes on a highway, in violation of section 46.2-848 of the Code of Virginia. Defendant argued in that connection that there was no evidence that the maneuvers for which he failed to signal occurred in situations in which the operation of any other vehicle might have been affected, as required by the plain text of the statute to constitute a violation. Consequently, defendant argued that the traffic stop was unlawful, the cocaine base seized from defendant must be suppressed, and defendant's statements to Officer Ring at the time must also be suppressed as fruit of the poisonous tree. For the reasons set forth below, the court **DENIES** defendant's motion.

## FACTS

At approximately 2:25 a.m. on April 17, 2009, while Officer Ring was on patrol in an unmarked police vehicle, he received a dispatch for a report of a reckless driver in a black Toyota Corolla in the vicinity of the 7-Eleven convenience store on Yadkin Road in Chesapeake, Virginia. Upon arriving at the scene, Officer Ring observed defendant, driving a black Toyota Corolla, exiting the parking lot of the 7-Eleven. Officer Ring noted that defendant failed to signal as he turned left onto Yadkin Road from the parking lot. Officer Ring followed defendant's vehicle to a stoplight, where defendant turned left onto U.S. Highway 17/George Washington Highway, and continued to follow defendant's vehicle as it merged onto Military Highway. While following defendant's vehicle on Military Highway at a distance of 1½ to 2 car lengths, with no traffic between the vehicles, Officer Ring observed defendant move his vehicle from the right lane to the left lane without signaling. At that point in time, Officer Ring believes that there were two marked police vehicles following behind his unmarked police vehicle, but does not recall there being any other traffic in the immediate vicinity of defendant's vehicle. Officer Ring then activated his emergency equipment to commence a traffic stop of defendant's vehicle to investigate the report of reckless driving and for defendant's failure to signal.

Officer Ring identified defendant as the driver of the vehicle, and detected the odor of alcohol on defendant's person. When defendant became agitated and argumentative, Officer Ring temporarily placed defendant in handcuffs until he calmed down, whereupon Officer Ring removed the handcuffs. Another officer who responded to the scene checked whether defendant had any outstanding warrants. When Officer Ring received information that defendant had an outstanding warrant, he again handcuffed defendant and placed him under arrest for the warrant.

In the course of Officer Ring's search of defendant's person incident to his arrest for the warrant, Officer Ring noticed a suspicious bulge in one of defendant's pockets, which turned out to be three bags of suspected cocaine base. Officer Ring also searched defendant's vehicle, with defendant's permission, but found nothing.

## PROCEDURAL HISTORY

A criminal complaint and affidavit were filed against defendant on July 28, 2009, alleging possession with intent to distribute cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). On September 23, 2009, defendant was indicted on one count of possession with intent to distribute more than five (5) grams of a mixture and substance containing cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii). On September 30, 2009, defendant, by counsel, filed the instant motion to suppress. On October 6, 2009, the government filed its response to the instant motion. As noted above, this matter came before the court for a hearing on October 13, 2009.

## ANALYSIS

Section 46.2-848 of the Code of Virginia provides:

> Every driver who intends to back, stop, turn, or partly turn from a direct line shall first see that such movement can be made safely and, *whenever the operation of any other vehicle may be affected by such movement*, shall give the signals required in this article, plainly visible to the driver of such other vehicle, of his intention to make such movement.

Va. Code § 46.2-848 (emphasis added). Situations similar to the instant one, and involving this very same provision of the Code of Virginia, have been addressed by several state and federal courts. In United States v. Harvey, the defendant-appellant advanced substantially the same argument as the one advanced here. The United States Court of Appeals for the Fourth Circuit,

3

in affirming the district court's denial of Harvey's motion to suppress, noted that "although [the park ranger's] observation that Harvey did not use his turn signal at the stop sign might not have been sufficient, standing alone, to constitute a prima facie showing that he violated § 48.2-848, it was sufficient to demonstrate a probability that Harvey violated the statute." United States v. Harvey, 269 F. App'x 329, 330 (4th Cir. 2008) (unpublished per curiam opinion). Consequently, the park ranger's "stop of Harvey's vehicle was supported by probable cause that a traffic violation had occurred, and the district court did not err in denying Harvey's motion to suppress the evidence seized after the stop." Id.

The same argument was raised in United States v. Agee. There, the defendant-appellant "contend[ed] that because the officer presented scant evidence that the operation of other vehicles was affected, the officer lacked probable cause to effect the traffic stop." United States v. Agee, 168 F.3d 483, 1999 WL 11286, at *2 (4th Cir. 1999) (unpublished per curiam table disposition). However, although the Fourth Circuit acknowledged that, under section 46.2-848, the burden of proof lies with the government, it explained that "[t]he question is not so much . . . whether he actually committed a violation of the statute. . . . Rather, the question is whether the officer who stopped his vehicle had probable cause to believe that a traffic violation had occurred." Id. The Fourth Circuit "note[d] that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'" Id. (quoting United States v. Spinelli, 393 U.S. 410, 419 (1969)). Consequently, "[b]ecause the evidence [was] uncontroverted that there were other vehicles in the area of Agee's unannounced right turn, including the officer's squad car, there existed at least the probability that one of them 'may [have been] affected' by Agee's turn." Id. The Fourth Circuit concluded that the district court

did not err in finding probable cause, because "[t]he arresting officer's probable cause for the stop was reasonably premised on this probability." Id.; see also United States v. Carter, Criminal No. 3:06CR351, 2007 WL 1052592, at *2–3 (E.D. Va. Apr. 5, 2007) (applying the same analysis to a similar argument and factual scenario).

Although Virginia state court jurisprudence appears to acknowledge that there are some circumstances under which failing to signal would not necessarily constitute a violation of section 46.2-848, it does not appear to contradict the Fourth Circuit's analysis discussed above. See, e.g., Commonwealth v. Fadeley, No. CR 04-10, 2004 WL 1726755, at *3 (Va. Cir. Ct. Aug. 2, 2004) ("Because Ms. Fadeley had more than one option as to which direction to turn, her movements may have affected the operation of another vehicle situated at the light. Thus, the officer could reasonably conclude that she was required to signal the direction of her turn. Her failure gave rise to a reasonable, articulable suspicion by Officer Roy that a violation of [Va.] Code § 46.2-848 had occurred."); but see Commonwealth v. Eaves, 408 S.E.2d 925, 927 n.2 (Va. Ct. App. 1991) (noting, in a case involving a vehicle suspected of attempting to evade a checkpoint roadblock, that "[o]ther than the vehicle which was traveling beside the appellee's vehicle, there was no evidence of any other vehicle on the highway at the time which would have been affected by the appellee's turn. Accordingly, the Commonwealth does not contend that the appellee violated the provisions of Code §§ 46.2-848 and 46.2-849 . . . ."); Commonwealth v. Wells, Record No. 1869-06-3, 2007 WL 43631, at *1–3 (Va. Ct. App. Jan. 9, 2007) (affirming a trial court's grant of a motion to suppress where a "trooper never articulated any reason" for a traffic stop of a vehicle suspected of attempting to evade a sobriety checkpoint roadblock).

On the basis of the foregoing analysis, it appears clear, especially in light of the fact that at least Officer Ring's police car was in the immediate vicinity of defendant's vehicle, that defendant's failure to signal when turning out of the 7-Eleven parking lot onto Yadkin Road and when changing lanes on Military Highway sufficed to demonstrate at least a probability that a violation of section 46.2-848 of the Code of Virginia had occurred. Consequently, Officer Ring had probable cause to stop defendant's vehicle, and the court concludes that the traffic stop of defendant's vehicle, and the search incident to his arrest for an outstanding warrant, were lawful.

## CONCLUSION

For the foregoing reasons, and in light of the totality of the evidence and the credibility of Officer Ring's testimony at the October 13, 2009 hearing, defendant's motion to suppress is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to the United States Attorney's Office in Norfolk, Virginia, and to counsel of record for defendant.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 14, 2009